**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

EDDRELL SCOTT,

      Plaintiff,

         v.                         CASE NO. 1:26-CV-177-HAB-ALT

B WILLIAMS, et al.,

      Defendants.

**OPINION AND ORDER**

Pro se Plaintiff, Eddrell Scott ("Scott") filed a complaint against the Fort Wayne Police Department and two of its officers. (ECF 1). Along with his Complaint, Scott also filed a motion to proceed in forma pauperis ("IFP"). (ECF 2).

Under 28 U.S.C. § 1915(a)(1), any person may commence a civil action without the prepayment of fees if he or she is unable to pay them. *See Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of 28 U.S.C. § 1915 to cases brought by non-prisoners). "[A] person need not be absolutely destitute in order to enjoy the benefit of [Section] 1915." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, a person is "eligible to proceed *in forma pauperis* if payment of the filing fee will prevent them from providing for life's necessities." *Bridgewater v. U.S. Gov't*, 2013 WL 3894955, at *1 (N.D. Ill. 2013). "Proceeding in forma pauperis is a privilege, and courts depend on the plaintiff's honesty in assessing her ability to pay." *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014); *see also, e.g.*, *Effinger v. Monterrey Sec. Consultants*, 546 F. Supp. 3d 715, 717 (N.D. Ill. 2021) ("To qualify for IFP status, a plaintiff must fully disclose her financial condition, and she must do so truthfully under penalty of perjury.").

Although this Court has an approved form for litigants who wish to proceed in forma pauperis, Scott has filed his own handwritten motion. A litigant seeking IFP status must declare under penalty of perjury that the information provided about her finances is true and correct. Scott's motion satisfies this requirement. But to determine whether a litigant lacks the means to pay the filing fee, this court requires litigants seeking to proceed IFP to disclose, in dollar amounts, all income received over the last 12 months. Scott's motion does not meet this requirement. While it indicates that he has no income and no way to work to obtain income, it does not specify how long that has been the case. Scott's motion identifies no financial obligations whatsoever, nor does it address how he maintains a residence or provides himself with the basic necessities of life (such as food and housing). Courts rely on litigants to provide complete and honest information about their finances, and judges cannot merely rubber-stamp IFP applications that appear to contain incomplete, inaccurate, or inconsistent information. *See Campbell v. Clarke*, 481 F.3d 967, 970 (7th Cir. 2007). Accordingly, at present the Court cannot grant Scott's request to proceed IFP.

For these reasons, the Court:

(1) DENIES Scott's Motion to Proceed in Forma Pauperis (ECF 2) without prejudice;

(2) GRANTS Scott until **May 25, 2026**, to pay the $405.00 filing fee;

(3) DIRECTS the clerk to send Scott an AO239 form for the Northern District of Indiana if he wishes to refile the motion using the appropriate form; and

(4) CAUTIONS Scott that failure to respond by the deadline will result in this case being dismissed without further notice.

**SO ORDERED** on April 23, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT