**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

EDDRELL SCOTT,

      Plaintiff,

        v.                               CASE NO. 1:26-CV-177-HAB-ALT

B WILLIAMS, et al.,

      Defendants.

## OPINION AND ORDER

Plaintiff Eddrell Scott, proceeding pro se, filed a complaint against the Fort Wayne Police Department and two of its officers, "B Williams" and "J Mumbower," (ECF No. 1), along with a motion to proceed *in forma pauperis* ("IFP"), (ECF No. 2), on April 8, 2026. Because Scott failed to file his motion for IFP using the correct form, the Court denied the motion. (ECF No. 4). In the same Order, the Court directed the Clerk to send Scott an AO239 form for the Northern District of Indiana and directed Scott to either pay the filing fee or refile his motion for IFP using the AO239 form by May 25, 2026. *Id.* Scott timely filed a renewed motion for IFP using the correct form.[1] (ECF No. 13).

The federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is

---

[1] On May 29, 2026, Scott filed a motion stating he had not received the AO239 Form and requesting another one. (ECF No. 11). The Court granted the motion, directing the Clerk to resend the form and directing Scott to file the renewed motion within 30 days. (ECF No. 12).

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1).[2] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

Scott reports he is single, unemployed, and has limited income—$60 per week from "Forge temp service" and additional support from "TANAF"—and has "negative $20.00." (ECF No. 13). Based on these representations, the Court finds that paying the filing fee would result in an inability for Scott to provide for the necessities of life and thus meets the financial requirement for proceeding IFP.

The Court's inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the

---

[2] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

In his complaint, Scott alleges that law enforcement officers had, at some point prior, placed a "chip in [his] mouth to track [him] and do other sexual things to [him] against his consent." (ECF No. 1). He alleges that, on February 17, 2026, he contacted the Fort Wayne Police Department to check on the status of an investigation into those allegations and asked someone to meet him at the prosecutor's office to help him. *Id.* Scott alleges that, once he got to the meeting and began recording and presenting paperwork, Officer Williams and Officer Mumbower "unlawfully detain[ed] him" in retaliation for pursuing charges against officials "for (evidence tamper) and committing a (sex offence) against me and others." *Id.*

As stated above, a Court must dismiss a case in which the plaintiff seeks to proceed IFP if it concludes the action is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is considered frivolous "if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The Court finds Scott's allegations that government officials have put a "chip in [his] mouth to track [him] and do other sexual things to [him] against his consent" to be "fanciful, fantastic, and delusional," and finds that it cannot therefore form the basis of his federal claim. However, the Court finds it possible that Scott has constitutional claims to allege that are divorced from the allegations of a chip having been planted in his mouth by officials. Therefore, the Court affords Scott until July 21, 2026 to file an amended complaint that states his claims without reference to the alleged chip implantation.

For these reasons, the Court:

(1) TAKES UNDER ADVISEMENT Scott's Motion to Proceed in Forma Pauperis (ECF No. 13);

(2) GRANTS Scott LEAVE TO FILE AN AMENDED COMPLAINT addressing the deficiencies noted in this Opinion on or before July 21, 2026; and

(3) CAUTIONS Scott that if there is no response by the deadline, this case will be dismissed without further notice.

**SO ORDERED** this 23rd day of June 2026.


s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT