**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

EDDRELL SCOTT,

      Plaintiff,

        v.                            CASE NO. 1:26-CV-177-HAB-ALT

B WILLIAMS, et al.,

      Defendants.

### OPINION AND ORDER

Plaintiff Eddrell Scott, proceeding pro se, filed a complaint against the Fort Wayne Police Department and two of its officers, "B Williams" and "J Mumbower" (ECF No. 1), along with a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2), on April 8, 2026. Because Scott failed to file his motion for IFP using the correct form, the Court denied the motion. (ECF No. 4). In the same Order, the Court directed the Clerk to send Scott an AO239 form for the Northern District of Indiana and directed Scott to either pay the filing fee or refile his motion for IFP using the AO239 form by May 25, 2026. *Id.* Scott timely filed a renewed motion for IFP using the correct form.[1] (ECF No. 13).

In an order issued on June 23, 2026, the Court reviewed Scott's submissions and found that he does meet the financial requirement for proceeding IFP. (ECF No. 16). However, at the same time, the Court screened Scott's complaint under 28 U.S.C. § 1915(e)(2)(B), which directs courts to dismiss a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma*

---

[1] On May 29, 2026, Scott filed a motion stating he had not received the AO239 Form and requesting another one. (ECF No. 11). The Court granted the motion, directing the Clerk to resend the form and directing Scott to file the renewed motion within 30 days. (ECF No. 12).

*pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In its screening Order, the Court found that some of the allegations in Scott's complaint— namely, his references to a chip implanted into his mouth by government officials—were frivolous such that they could not form the basis of his federal claim. (ECF No. 16). The Court directed Scott to file an amended complaint stating his claims without reference to the alleged chip implantation on or before July 21, 2026. (*Id.*) On July 8, 2026, Scott filed his Amended Complaint. (ECF No. 18).

In the Amended Complaint, Scott alleges that, on February 17, 2026, he contacted the Fort Wayne Police Department to check on the status of an investigation into a prior-reported crime. He alleges that, once he got to the meeting, "Officer Williams" and "Sgt. Gerid" "knowingly and attentionly retaliated against [him]" including by "asking [him] to cuff up" and otherwise taunting him. He alleges that his rights under the First, Fourth, and Fourteenth Amendments were "violated through coerced story(s), fabrication of evidence and placing [him] in cuffs without a non-fiction cause."

To state a claim for First Amendment retaliation, a plaintiff must allege that (1) he engaged in protected First Amendment activity; (2) an adverse action was taken against him; and (3) his protected conduct was at least a motivating factor of the adverse action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Scott alleges that he has "pursu[ed] charges" against members of law enforcement and that, as a result of and in retaliation for those charges, Defendants unlawfully detained him. (ECF No. 18). This is sufficient, at this point, to state a claim for retaliation in violation of the First Amendment.

Scott also claims Defendants violated his rights under the Fourth Amendment. The Fourth Amendment protects against unreasonable seizures. *Carlson v. Bukovic*, 621 F.3d 610, 618 (7th

Cir. 2010). Pretrial detention constitutes unreasonable seizure where no probable cause exists, including by reason of false evidence. *Manuel v. City of Joliet*, 580 U.S. 357, 364 (2017). Scott alleges that Defendants "cuffed [him] without probable cause" and that "fabrication of evidence" was involved. (ECF No. 18). The Court is satisfied that Scott has alleged enough to proceed as to his Fourth Amendment claim.

Scott also asserts a Fourteenth Amendment claim. However, he does not explain the basis for this claim, and the Court does not discern any. Therefore, the Court dismisses Scott's Fourteenth Amendment claim.

Finally, Scott names B. Williams, J. Mumbower, Sgt. Gerid, and the Fort Wayne Police Department as Defendants to his Amended Complaint. (ECF No. 18). While Scott alleges specific Constitutional violations on the part of Williams and Gerid, his Amended Complaint contains no allegations as to Mumbower. Therefore, he cannot proceed with his claims against Mumbower. *See Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) ("An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation."); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (explaining that plaintiffs must "adequately connect specific defendants to illegal acts"). Further, the Fort Wayne Police Department is not a proper party to this suit, as Indiana's "statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

For these reasons, the Court:

(1) GRANTS Scott's Motion to Proceed in Forma Pauperis (ECF No. 13);

(2) DISMISSES Scott's claims against J. Mumbower and the Fort Wayne Police Department;

3

(3) GRANTS Scott leave to proceed with his First and Fourth Amendment claims against the B. Williams and Sgt. Gerid; and

(4) DISMISSES Scott's Fourteenth Amendment claim.


**SO ORDERED** this 5th day of August 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

4