**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| EDDRELL SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>B WILLIAMS, et al.,<br><br>Defendants. | CASE NO. 1:26-CV-177-HAB-ALT |

**OPINION AND ORDER**

On October 30, 2026, Defendants Benjamin Williams and Bryce Gerig[1] filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 34). This motion was accompanied by a memorandum in support (ECF No. 35), three affidavits (ECF Nos. 34-1, 34-2, 34-3), a statement of material facts (ECF No. 36), and video evidence filed manually with the Court and served on Plaintiff Eddrell Scott (*see* ECF No. 38).

"A motion under [Federal Rule of Civil Procedure] 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). While Defendants' motion is styled as one for dismissal pursuant to Rule 12(b)(6), the memorandum filed in support refers to numerous materials outside of the permissible list—citing such "designated evidence" as affidavits and video recordings. *See, e.g.* ECF No. 35 at 5, 7-9. The motion even appears to refer to itself as a motion for summary judgment at one point. (*Id.* at 9) ("It is well established by the Seventh Circuit that

---

[1] In Plaintiff Eddrell Scott's Amended Complaint, he identifies Defendants as "B. Williams" and "Sgt. Gerid." (ECF No. 18). The motions recently filed by Defendants clarify that they are correctly identified as Benjamin Williams and Bryce Gerig.

on a motion for summary judgment, '[the] nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence.'" (citation omitted)).

When a party files a motion to dismiss for failure to state a claim upon which relief can be granted that includes matters outside the pleadings, it is within the Court's discretion to either exclude the extraneous materials from consideration or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(b); *see also Edward Gray Corp. v. Nat. Union Fire Ins. Co.*, 94 F.3d 363, 366-67 (7th Cir. 1996). The Court construes this motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Defendants are ordered to send another copy of the Notice to Pro Se Litigant form to Plaintiff regarding this motion for summary judgment. Plaintiff's time to respond to Defendants' motion will run from the date this Order is issued.

**SO ORDERED** this 2nd day of November 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT